24-1122-cr
United States v. Rodriguez-Gomez

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand twenty-six.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> > *Chief Judge*,
> DENNY CHIN,
> STEVEN J. MENASHI,
> > *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                      No. 24-1122-cr

VICTOR RODRIGUEZ-GOMEZ,

> *Defendant-Appellant*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:      Timothy P. Murphy, Federal Public Defender's Office, Western District of New York, Buffalo, NY

FOR APPELLEE:      Geoffrey M. Stone, Conor M. Reardon, Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part, and we REMAND the case to the District Court with instructions to vacate the standard conditions of supervised release and for further proceedings consistent with this order.

Victor Rodriguez-Gomez appeals from the April 12, 2024[1] judgment of the United States District Court for the District of Connecticut (Shea, *C.J.*) sentencing him principally to a term of 156 months' imprisonment.  On appeal, Rodriguez-

---

[1] Rodriguez-Gomez's notice of appeal states that final judgment was entered on April 11, 2024.  App'x 88.  Although Rodriguez-Gomez was sentenced on that date, judgment was entered on April 12, 2024.  App'x 10.

Gomez argues that his sentence is substantively unreasonable and that the District Court erred in imposing several standard conditions of supervised release listed in § 5D1.3(c) of the Sentencing Guidelines without pronouncing those conditions at sentencing.[2] We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## I.    Substantive Reasonableness

"Our review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (citation modified).  A "district court's substantive determination" will be "set aside" only in the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Darrah*, 132 F.4th 643, 653 (2d Cir. 2025) (citation modified).  Here, the District Court varied Rodriguez-Gomez's sentence

---

[2] All citations to the Sentencing Commission Guidelines Manual are to the 2023 Guidelines Manual, which was the Guidelines Manual in effect on the date that Rodriguez-Gomez was sentenced.  *See* U.S.S.G. § 1B1.11(a).

3

downward from the Guidelines range of 262 to 327 months after considering the nature and severity of Rodriguez-Gomez's offense conduct as well as several mitigating factors, including Rodriguez-Gomez's unstable childhood and the needs of his disabled son. The particular weight to be accorded to these mitigating factors "is a matter firmly committed to the discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (citation modified).

The Government agreed as part of the parties' plea agreement not to seek a sentence exceeding 135 months' imprisonment. But as Rodriguez-Gomez acknowledges, the District Court was not bound by the agreement, and given the seriousness of Rodriguez-Gomez's conduct, as well as his criminal history, we cannot say that his below-Guidelines sentence was "shockingly high . . . or otherwise unsupportable as a matter of law." *See id.* (citation modified).

## II.    Standard Conditions

In a supplemental brief, Rodriguez-Gomez argues that the District Court erred by failing to orally pronounce during the sentencing proceeding the twelve standard conditions of supervised release that were contained in the written judgment. In *United States v. Maiorana*, issued after Rodriguez-Gomez's

4

sentencing, this Court held that "a sentencing court intending to impose non-mandatory conditions of supervised release, including the 'standard' conditions described in § 5D1.3(c) [of the Sentencing Guidelines], must notify the defendant during the sentencing proceeding," either by orally reciting the conditions or by "expressly adopt[ing] or specifically incorporat[ing] by reference particular conditions that have been set forth in writing and made available to the defendant in the [presentence report], the Guidelines, or a notice adopted by the court." 153 F.4th 306, 314 (2d Cir. 2025) (en banc).

Here, the District Court did not orally recite or incorporate by reference the standard conditions it later imposed by written judgment, and the parties agree that a limited remand is appropriate. We therefore remand with instructions to vacate the standard conditions. *See id.* at 315 & n.13 ("The appropriate remedy for the district court's error is a limited remand to address the thirteen conditions of supervised release that were not properly imposed, not a full resentencing.").[3] "[I]f the District Court intends to impose [the standard conditions] in the revised judgment, it must convene a hearing in the presence of [Rodriguez-Gomez] and must advise [him] that those conditions will be

---

[3] *Maiorana*'s "new rule of criminal procedure" applies to "cases currently on direct review," like Rodriguez-Gomez's. 153 F.4th at 314 n.11.

5

imposed." *Id.* at 315. Rodriguez-Gomez may waive his right to a resentencing hearing. *See id.* at 315 n.14.

## CONCLUSION

We have considered Rodriguez-Gomez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part, and we REMAND the case to the District Court with instructions to vacate the standard conditions of supervised release and for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court